**UNITED STATES COURT OF APPEALS**

March 25, 2009

**TENTH CIRCUIT**

BILLY DALE LATHROP,

       Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

       Respondent-Appellee.

No. 09-6021
(D.C. No. 5:07-CV-01396-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Billy Dale Lathrop, an Oklahoma state prisoner proceeding pro se, appeals

the district court's denial of his 28 U.S.C. § 2254 habeas petition and request for

a certificate of appealability ("COA"). For substantially the same reasons set

forth by the magistrate judge and adopted by the district court, we deny a COA

and dismiss the appeal.

**I**

In 2003, Lathrop was tried jointly with his co-defendant, Amy Flippence, in

Oklahoma state court on charges of conspiracy to manufacture a controlled

substance, possession of a controlled dangerous substance, possession of a

precursor substance, possession of drug paraphernalia, and child endangerment. He was convicted by a jury on all charges and sentenced to a 96-year term of imprisonment.

On direct appeal, represented by different counsel, Lathrop raised four challenges to his conviction: unconstitutional admission of hearsay statements made by Flippence, ineffective assistance of trial counsel, unconstitutional denial of a motion to sever his trial from that of Flippence, and cumulative error. The Oklahoma Court of Criminal Appeals ("OCCA") concluded that Lathrop's right to confrontation was violated but ruled the error harmless. It rejected the remainder of petitioner's challenges. Because the Oklahoma statute under which petitioner was convicted did not apply to his conduct at the time he was charged, the OCCA sua sponte reversed the three child endangerment convictions.

In 2006, Lathrop sought post-conviction relief in Oklahoma state court. He argued that appellate counsel was ineffective for failing to raise the failure of his trial counsel to properly investigate his case or to raise a sufficiency of the evidence claim. The state district court denied relief. Lathrop's appeal to the OCCA was affirmed on the conclusion that he failed to show prejudice.

Ten days later, Lathrop filed a federal petition for habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. In his habeas petition, Lathrop raised each of the claims he raised on direct appeal and in his application for state post-conviction relief with

the sole exception of the cumulative error claim. The magistrate judge issued a report and recommendation denying the petition because the Oklahoma courts' decisions survived the deferential standard of review under the Antiterrorism and Effective Death Penalty Act. Over Lathrop's objection, the district court adopted the magistrate's recommendation and denied COA. Lathrop appeals.

## II

Because the district court denied Lathrop's habeas petition and his request for a COA, he may not proceed further absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Lathrop must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires him to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Lathrop seeks a COA on the same claims he made before the federal district court: (1) admission of Flippence's statements violated his right to confrontation; (2) trial counsel was ineffective; (3) unconstitutional trial court denial of a severance motion; and (4) ineffective assistance of appellate counsel. He also claims cumulative error. Because each of these grounds was decided on the merits in Oklahoma state court, petitioner is entitled to federal habeas relief only if the state court decisions were "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1)-(2). A federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). We turn to the claimed error.

First, Lathrop argues that allowing a witness to testify regarding the Flippence hearsay statements violated the right to cross-examination under the Confrontation Clause of the Sixth Amendment as interpreted in Bruton v. United States, 391 U.S. 123 (1968). On Lathrop's direct appeal, the OCCA agreed, but it held that the error was harmless beyond a reasonable doubt. We agree with the district court that the OCCA was not unreasonable in concluding that Flippence's statements were cumulative and thus harmless. Accordingly, reasonable jurists would agree that Lathrop is not entitled to habeas relief on this ground.

Second, Lathrop alleges that his trial counsel was ineffective because he failed to object to the Bruton violation, failed to give a proper opening statement, failed to properly prepare for trial, failed to object on a number of occasions, failed to engage in meaningful cross examination, and failed to give a meaningful closing argument. Applying Lockett v. State, the OCCA denied the claim. See 53 P.3d 418, 424 (Okla. Crim. App. 2002) ("To prevail on a claim of ineffective

- 4 -

assistance of counsel, Appellant must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance by showing: [1] that trial counsel's performance was deficient; and [2] that he was prejudiced by the deficient performance." (citing Strickland, 466 U.S. 668, 687 (1984)) (quotation omitted; brackets original)). Because it applied the Strickland standard, the OCCA decision was not contrary to clearly established federal law. Moreover, for the reasons given by the magistrate judge and adopted by the district court, reasonable jurists would agree that the OCCA reasonably applied that standard in determining that trial counsel was not ineffective.

Third, Lathrop argues that the trial court erred in denying his motion to sever his trial from that of Flippence. His argument raises but an error of state law, which cannot support federal habeas relief. See § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added)). As the district court recognized, "[w]hether the trial court erred in denying severance is generally a question of state law that is not cognizable on federal habeas appeal, for a criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by the joint trial." Cummings v. Evans, 161 F.3d 610, 619 (10th Cir. 1998) (citation omitted). With the exception of the admission of the Flippence

statements previously addressed, the Lathrop and Flippence defenses did not conflict.

Fourth, Lathrop alleges that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence as to his conspiracy conviction. "When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (quotation and footnote omitted). Even were we to assume that it was unreasonable for appellate counsel not to raise a sufficiency claim, Lathrop must show that "there is a reasonable probability that, but for his counsel's unreasonable failure to raise these claims, [he] would have prevailed on his appeal." Id. (quotation omitted). Applying this standard, the OCCA concluded that because Flippence—Lathrop's sole coconspirator—unsuccessfully raised a sufficiency challenge to the same charge, it was not likely that Lathrop would have succeeded on a similar challenge. Reasonable jurists would agree that this is a proper application of federal law.

Lathrop's final claim is one of cumulative error, not raised before the federal district court. Ordinarily, we do not consider issues unless they were raised below. United States v. Jarvis, 499 F.3d 1196, 1201-02 (10th Cir. 2007). We perceive no reason to deviate from that practice.

**III**

We **DENY** a COA, **DISMISS** the appeal, and **DENY** the motion to proceed in forma pauperis on appeal.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge